## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO.** |
| | **2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER TRANSPORTATION, INC., and MARCUS J. BUSH, Individually and Jointly,** | |
| **DEFENDANTS.** | |

## AAA COOPER TRANSPORTATION, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENT RETENTION, SUPERVISION, HIRING, ENTRUSTMENT, AND TRAINING CLAIMS

COMES NOW, **AAA COOPER TRANSPORTATION, INC.**, Defendant in the above-referenced case (hereinafter "AAA Cooper"), and moves the Court for partial summary judgment on Plaintiff's direct negligence claims, including claims for negligent retention, supervision, hiring, entrustment, and training, showing the Court as follows:

## PRELIMINARY STATEMENT

This is an automobile accident case without aggravating circumstances. There is no evidence of drug or alcohol use, mechanical issues, or reckless driving. The only evidence of fatigue is that Defendant Marcus J. Bush (hereinafter "Mr. Bush") fell asleep while driving. There is no evidence to suggest that Mr. Bush or his employer, AAA Cooper, knew or should have known that Mr. Bush had a pattern or policy of driving fatigued.

Plaintiff has alleged two separate causes of action against AAA Cooper: 1) *respondeat superior* for the negligence of its employee, and 2) a direct claim of negligence against Defendants for negligent retention, supervision, hiring, entrustment and training. (Amend. Compl. ¶¶ 38-47). AAA Cooper admits its driver was in the scope of his employment when the accident occurred. Therefore, the latter cause of action is redundant, prejudicial, and should be dismissed as a matter of law. "Notwithstanding [Plaintiff's] zealous attempt to convert this motor vehicle wreck into something it is not, the facts and the law show it for what it is: a simple negligence claim against the driver with *respondeat superior* liability against the driver's employer." *Ellis v. Old Bridge Transp., LLC*, No. 4:11-CV-78 CDL, 2012 WL 6569274, at *3 (M.D. Ga. Dec. 17, 2012).

## STATEMENT OF CASE AND PERTINENT FACTS

**1.  The Accident.**

This suit arises out of an accident which occurred on October 31, 2015. (Amend. Compl. ¶¶ 6, 10). The accident occurred while Plaintiff was parked on the shoulder of Interstate 85 near Braselton, Georgia after running out of gas. (Amend. Compl. ¶¶ 10-12). At the same time, a tractor-trailer driven by Mr. Bush was traveling northbound on Interstate 85 near Braselton, Georgia. (Amend Comp. ¶ 12). Mr. Bush was employed by AAA Cooper at the time of the subject accident. (Amend Compl. ¶ 26).

Prior to the accident, Mr. Bush fell asleep while driving his tractor-trailer. (Deposition of Marcus Bush 64:17-65:2, attached hereto as Exhibit "A"). Just prior to the accident, Mr. Bush began to feel funny and was looking for a safe place to exit the interstate and rest. (Bush Depo. 89:20-91:15). Mr. Bush did not stop immediately and pull to the side of the interstate because he believed the side of the interstate was a dangerous place to stop. (Bush Depo. 91:11-15). Tragically, Mr. Bush fell asleep before he found an exit, left his lane of travel, and caused the accident.

**2.  Mr. Bush's Employment With AAA Cooper.**

Mr. Bush was hired by AAA Cooper on May 13, 2013. (*See* Bush's Employment Eligibility Verification, attached hereto as Exhibit "B"). Before AAA

Cooper hired Mr. Bush, it complied with all the requirements of the Federal Motor Carrier Safety Regulations in determining Mr. Bush was a competent driver.

- It conducted a road test with Mr. Bush, which he passed. 49 C.F.R. § 391.31. (*See* Exhibit "C");

- It obtained a 3-year motor vehicle history report on Mr. Bush. 49 C.F.R. § 391.23. (*See* Exhibit "D");

- It obtained an application for employment from Mr. Bush. 49 C.F.R. § 391.21. (*See* Exhibit "E");

- It obtained Mr. Bush's 3-year employment history from all DOT regulated employers. 49 C.F.R. § 391.23. (*See* Exhibit "F");

- It obtained a copy of Mr. Bush's commercial driver's license. 49 C.F.R. § 391.23. (*See* Exhibit "G"); and

- Even after he was hired, it checked Mr. Bush's motor vehicle report annually. 49 C.F.R. § 391.25. (*See* Exhibit "H").

At all times, Mr. Bush was qualified as a commercial motor vehicle driver under Georgia law and the relevant Federal Motor Carrier Safety Regulations. 49 C.F.R. § 391.15. There is no evidence of any instance that would disqualify Mr. Bush under 49 CFR § 391.15. When he was hired, the only blemishes on his record were (1) a failure to use his seat belt, (2) an operating a vehicle with defective brakes, and (3)

a failure to yield right of way, all of which occurred more than two (2) years prior to him beginning employment with AAA Cooper (Ex. "H").

After he was hired, Mr. Bush completed both classroom and driving training above and beyond that required by the Federal Motor Carrier Safety Regulations. (*See* Check Sheet for Pre-Regular Training, attached hereto as Exhibit "I") Thereafter, Mr. Bush underwent periodic training and attended safety meetings. (Bush Depo. 169:16-170:19). Mr. Bush was also trained using the Smith System, which is above and beyond that required by the Federal Motor Carrier Safety Regulations. (Bush Depo. 170:20-171:11). Plaintiff has identified no evidence critical of AAA Cooper's training program, much less evidence that would show AAA Cooper's training program was conducted willfully or wantonly.

AAA Cooper required Mr. Bush to report any citations and accidents and performed its own investigations into Mr. Bush's driving record. (*See* Ex. "H"). Mr. Bush was involved in two minor accidents while employed with AAA Cooper, neither of which involved injury or another occupied vehicle. (*See* accident correspondence from AAA Cooper, attached hereto as Exhibit "J"). Once, Mr. Bush got a tractor-trailer stuck while crossing railroad tracks. (Ex. J). Next, Mr. Bush backed into a parked vehicle while making a delivery. (Ex. J). The only citation Mr. Bush received while working at AAA Cooper was in his personal vehicle and did

not involve falling asleep. (Ex. K). The only other marks on Mr. Bush's employment records are two incidents (March 31, 2014 and April 22, 2014) involving trailer loading and attachment. Neither of those incidents involved a driving accident.

**There is no evidence of any prior incident involving Mr. Bush being fatigued or falling asleep behind the wheel.**

Plaintiff has made every effort to insinuate sleep apnea into this case, but the undisputed evidence is that Mr. Bush had a 2-year medical certificate authorizing him to drive a commercial motor vehicle. (Ex. L). Mr. Bush had been medically qualified six months before this accident by an independent medical professional. (Id.). A 2-year certificate is the highest level of medical clearance a commercial motor vehicle driver can receive. That independent medical professional did not find that Mr. Bush had sleep apnea. (Id.). In fact, NO medical professional has ever diagnosed Mr. Bush with sleep apnea – or any other sleep disorder.

AAA Cooper had no reason to believe that Mr. Bush was an unsafe driver such that it would be liable for direct claims against it.

## ARGUMENT AND CITATION OF AUTHORITY

**I.**      **Redundancy of Negligent Training, Retention, Entrustment Claims.**

Plaintiff's claims against AAA Cooper for negligent training, retention, and entrustment are redundant, prejudicial, and fail as a matter of law. It is well-settled Georgia law that:

> **Generally, when an employer admits the applicability of** *respondeat*
> *superior***, it is entitled to summary judgment on claims for negligent**
> **entrustment, hiring, and retention.** The rationale for this is that, since
> the employer would be liable for the employee's negligence under
> *respondeat superio*r, allowing claims for negligent entrustment, hiring,
> and retention would not entitle the plaintiff to a greater recovery, but
> would merely serve to prejudice the employer.

*Kelley v. Blue Line Carriers, LLC*, 300 Ga. App. 577, 580, 685 S.E.2d 479 (2009) (emphasis added), *citing Durben v. American Materials*, 232 Ga. App. 750, 503 S.E.2d 618 (1998); *see also Bartja v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 685 S.E.2d 479 (2009); *Mastec North America, Inc. v. Wilson*, 325 Ga. App. 863, 755 S.E.2d 257 (2014).

*Kelley v. Blue Line Carriers, LLC* involved a claim for bodily injury and punitive damages, arising out of a collision between the plaintiff and a tractor-trailer owned by the defendant who employed the tractor-trailer driver. 300 Ga. App. 577, 580, 685 S.E.2d 479 (2009). The plaintiff alleged two causes of action against the

employer/tractor owner:  1) vicarious liability for the negligence of its driver under the doctrine of *respondeat superior,* and 2) the employer's independent negligence in hiring an allegedly unqualified driver. *Id.* Blue Line admitted that the driver of the tractor-trailer was employed by Blue Line and that any negligence by the driver would be imputable to it. *Id.* The court granted summary judgment for Blue Line on the plaintiff's claims for negligent hiring. *Id.* The court reasoned that by admitting *respondeat superior* Blue Line rendered the independent claims for negligence against it redundant. *Id.* The plaintiff's ability to recover would be the same, while improper, prejudicial, and inadmissible character evidence would be avoided. *Id.*

*Blue Line Carriers* is directly on point. The claims are the same. Plaintiff has alleged two different causes of action against AAA Cooper. One cause of action is premised upon AAA Cooper's vicarious liability for the actions of its employee, Mr. Bush. The second claim is for the alleged independent negligence of AAA Cooper in retaining, supervising, hiring, entrusting and training Mr. Bush. Likewise, it is undisputed that Mr. Bush was acting in the scope and course of his employment with AAA Cooper when the accident occurred. The outcome must be the same.

Just as in *Blue Line Carriers*, and other Georgia cases squarely addressing this issue, the independent negligence claims against AAA Cooper are duplicative of the vicarious liability claims, and the claims for negligent hiring and entrustment claims

8

only open the door to improper, prejudicial, and inadmissible character evidence. Under the authority of *Kelley v. Blue Line Carriers, LLC*, this Court must grant summary judgment on behalf of AAA Cooper and dismiss Plaintiff's claims for the alleged independent negligence in retaining, supervising, hiring, entrusting and training.

**II.      There Exists No Sufficient Evidence for Punitive Damages Against AAA Cooper – *Bartja v. National Line Carriers* is On Point.**

There is only one narrow exception to the above rule – if a plaintiff has a *valid* claim for punitive damages against the employer arising out of the employer's independent negligence in hiring, training, retaining, and entrusting the driver, then the measure of recovery is not the same and the doctrine may not apply. *Kelley v. Blue Line Carriers, LLC*, 300 Ga. App. 577, 580, 685 S.E.2d 479 (2009); *Bartja v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 463 S.E.2d 358 (1995). Plaintiff has generally alleged punitive damages. However, this narrow exception to the general rule has no applicability here because, just as in *Kelley v. Blue Line Carriers, LLC* and *Bartja v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, there is no evidence of any act or failure to act by AAA Cooper in training, retaining, or entrusting Mr. Bush which would permit a jury to award punitive damages.

"Clear and convincing evidence of a defendant's 'willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the

presumption of conscious indifference to consequences' is required to warrant the imposition of punitive damages." *Bartja v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 818, 463 S.E.2d 358 (1995), *citing* O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is insufficient to support such an award." *Id.*

In order to support a claim for punitive damages in negligent hiring and retention cases, a plaintiff must show that the driver had "numerous and serious violations." "A plaintiff can shoulder this burden of proof only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations." *W. Industries, Inc. v. Poole*, 634 S.E.2d 118, 120–21 (Ga. App. 2006) (emphasis added); *See also Royalston v. Middlebrooks*, 303 Ga. App. 887, 696 S.E.2d 66 (2010) (Employer ignored its own policies and knowledge of driver's reckless driving); *Aldworth Co., Inc. v. England*, 286 Ga. App. 1, 648 S.E.2d 198 (2007) (Employer ignored its own policies); *Western Industries, Inc. v. Poole*, 280 Ga. App. 378, 634 S.E.2d 118 (2006) (Summary judgment as to punitive damages properly granted when employer did not knowingly entrust a allegedly dangerous driver or knowingly ignore duty to investigate); *Durben v. American Materials, Inc.*, 232 Ga. App. 750, 503 S.E.2d 618 (1998) (Evidence that (1) two accidents in the three-year period before the incident, (2) license was briefly suspended for failing to comply with

an unknown citation, and (3) terminated by his previous employer for reasons unrelated to his driving is insufficient to support punitive damages); *Hutcherson v. Progressive Corp.*, 984 F.2d 1152 (11th Cir. 1993) (Evidence that (1) four speeding, one improper equipment, and one improper backing citation in the three-year period before the incident, (2) license suspension for refusal to take alcohol test, and (3) one accident in company vehicle is insufficient to support punitive damages). Here, undisputed evidence fails to support either element of Plaintiff's punitive damages claim.

The *Bartja* case in on point. That case arose when a tractor-trailer rear-ended the plaintiff. 218 Ga. App. 816. At the scene, the tractor-trailer driver made a statement to the police that he fell asleep at the wheel causing the accident. *Id.* The plaintiff filed suit against both the driver and the trucking company who employed the driver. *Id.* As to the trucking company, the plaintiff alleged claims for *respondeat superior* and direct negligence claims for negligent entrustment, hiring, retention, and supervision. *Id.* The plaintiff also alleged punitive damages against both the defendants. *Id.* The trial court granted summary judgment on the direct negligence claims against the trucking company and the Georgia Court of Appeals affirmed. *Id.*

In affirming the summary judgment, the Georgia Court of Appeals found there was no basis for punitive damages as a matter of law. *Bartja*, 218 Ga. App. at 818. In

that case, the evidence showed that when the driver was hired the trucking company checked his 3-year driving history as required by the Federal Motor Carrier Safety Regulations. *Id.* That check identified two moving violations, one for driving on the wrong side of the road and another for disregarding a stop sign while driving his rig. *Id.* The driver did not list any accidents, but informed his employer that he had been involved in two accidents in the seven-year period preceding his application, and an additional one involving his personal vehicle. *Id.* The Court of Appeals also noted that the driver "committed no actions which would disqualify him as a driver under the applicable federal regulations. 49 CFR § 391.15." *Id.*

> The Court of Appeals held:
>
> The evidence shows that [the trucking company] complied with federal regulations in hiring [the driver], who was qualified to drive under those regulations. **Nothing in the record indicates that [the trucking company] knew or should have known that [the driver] had a tendency to fall asleep at the wheel. Assuming that [the trucking company] knew of [the driver]'s entire driving history, the record raises no disputed issues of fact sufficient to preclude summary judgment as to punitive damages.**

*Id.* at 818 (emphasis added and internal citations omitted). *See also Mastec North America, Inc. v. Wilson*, 325 Ga. App. 863, 866, 755 S.E.2d 257, 260 (2014) ("Here, it is undisputed that MasTec checked Piccione's driving record before hiring him,

reviewed it during his first year of employment, and required Piccione to comply with driver training and safety rules. Although Piccione had some moving violations on his record, he was cited while in his personal vehicle as opposed to while operating a commercial vehicle for an employer, and the most recent violation was more than three years old. Moreover, Piccione had never been in an accident.").

*Bartja* is on point: AAA Cooper complied with the federal regulations for checking Mr. Bush's driving history, and Mr. Bush was qualified under those federal regulations to drive. Just as in *Bartja*, **"[n]othing in the record indicates that [AAA Cooper] knew or should have known that [Mr. Bush] had a tendency to fall asleep at the wheel."**

As in *Bartja*, when AAA Cooper hired Mr. Bush it followed the relevant federal regulations. The Federal Motor Carrier Safety Regulations require an employer to do the following before hiring a driver, and the undisputed evidence is that AAA Cooper complied with all federal regulations:

- By conducting a road test with Mr. Bush. 49 C.F.R. § 391.31. (*See* Exhibit "C");

- By obtaining a 3-year motor vehicle history report on Mr. Bush. 49 C.F.R. § 391.23. (*See* Exhibit "D");

- By obtaining an application for employment from Mr. Bush. 49 C.F.R. § 391.21. (*See* Exhibit "E");

- By obtaining the Mr. Bush's 3-year employment history from all DOT regulated employers. 49 C.F.R. § 391.23. (*See* Exhibit "F");

- By obtaining a copy of Mr. Bush's commercial driver's license. 49 C.F.R. § 391.23. (*See* Exhibit "G"); and

- By checking Mr. Bush's motor vehicle report annually. 49 C.F.R. § 391.25. (*See* Exhibit "H").

The undisputed evidence is that AAA Cooper checked Mr. Bush's 3-year driving history, and he was qualified under Georgia law and the relevant federal regulations. (Ex. "D" & "H"). AAA Cooper gave Mr. Bush a driving test, which he passed. (Ex. "C"). AAA Cooper verified Mr. Bush's employment history with his prior DOT regulated employer, which revealed no problems. (Ex. "F"). Like the employer in *Bartja*, AAA Cooper followed the federal regulations in checking Mr. Bush's history and Mr. Bush was not disqualified under the Federal Motor Carrier Safety Regulations. 49 CFR § 391.15. Every year after he was hired, AAA Cooper checked Mr. Bush's driving record for citations or accidents. (Ex. "H"). At all times while he was employed by AAA Cooper, Mr. Bush was legally qualified to drive a

commercial motor vehicle under the Federal Motor Carrier Safety Regulations. 49
CFR § 391.15.

The cause of this accident was indisputably Mr. Bush falling asleep, leaving
his lane of travel, and striking Plaintiff's vehicle that was stopped on the interstate.
The key fact, just as in *Bartja*, is that **"[n]othing in the record indicates that [AAA
Cooper] knew or should have known that [Mr. Bush] had a tendency to fall asleep
at the wheel."** There is no evidence to support Plaintiff's claims against AAA Cooper
for negligent training, retention, or entrustment – and certainly no evidence which
could permit punitive damages on that claim. Because the evidence does not support
a finding of punitive damages as a matter of law, summary judgment is appropriate.

III.     **There is No Evidence Mr. Bush Suffered From a Sleep Disorder.**

There is no factual evidence in this case that Mr. Bush suffered from sleep apnea
or any other sleep disorder. Whether Mr. Bush had sleep apnea, or any other sleep
disorder, is irrelevant because, as addressed at-length above, in order to support
punitive damages, there must be some evidence that Defendants knew or should
have known that Mr. Bush had a pattern of falling asleep behind the wheel. Here,
there is no evidence that Mr. Bush *ever* fell asleep behind the wheel prior to this
accident. There is certainly no evidence AAA Cooper knew Mr. Bush had fallen
asleep behind the wheel prior to the accident. That undisputed fact, standing alone,

is sufficient for the Court to grant summary judgment on Plaintiff's direct negligence claims. However, because Plaintiff has hired several litigation consultants in an attempt to insinuate sleep apnea into this case, Defendants will briefly address the issue.

The undisputed evidence is that neither Mr. Bush nor AAA Cooper had any reason to believe Mr. Bush suffered from sleep apnea or any other sleep disorder. The first and best reason is because Mr. Bush has never been diagnosed with sleep apnea or any other sleep disorder. Moving beyond that basic fact, prior to the accident, Mr. Bush had a 2-year medical certificate authorizing him to drive a commercial motor vehicle. (Ex. L). Mr. Bush had been medically qualified six (6) months before this accident by an independent medical professional. (Id.). This was the second 2-year medical certificate authorizing him to drive a commercial motor vehicle while he was employed by AAA Cooper. (Ex. M). Neither independent medical professional found that Mr. Bush had sleep apnea or any other sleep disorder. (Ex. L & M).

Despite the best efforts of Plaintiff and her litigation consultants, there is simply no evidence that Mr. Bush had sleep apnea, that Defendants should have somehow guessed that he did have sleep apnea, or that there is any basis for punitive damages related to sleep apnea. The undisputed evidence provides no basis for

punitive damages against any Defendant. *See Pace v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:12-CV-3096-AT, 2014 WL 4976773, at *19 (N.D. Ga. Aug. 21, 2014). ("Plaintiff fails to point the Court to any law, regulation, or accepted standard requiring a sleep study under the circumstances presented, and apparently, the consensus criteria has not been universally adopted in the industry.").

**IV.      It is Undisputed that AAA Cooper Properly Trained Mr. Bush.**

Plaintiff has identified no evidence tending to show that AAA Cooper's training program was somehow deficient, much less that it was so woefully inadequate to be considered willful or wanton. On the contrary, the undisputed evidence is that Mr. Bush went through extensive training while employed by AAA Cooper. After he was hired, Mr. Bush underwent training in both classroom and driver settings. Thereafter, Mr. Bush underwent periodic training and retraining.

Further analysis of this issue is unnecessary. Plaintiff has come forward with no evidence critical of AAA Cooper's training program, much less evidence that would show AAA Cooper's training program was conducted willfully or wantonly. Even Plaintiff's "trucking safety" expert was unable to identify a single type of training required by law that was not provided to Mr. Bush. It is Plaintiff's burden to prove by clear and convincing evidence that AAA Cooper's training program was willfully or wantonly deficient. "[T]he rule with regard to summary judgment is that

a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Cowart v. Widener*, 287 Ga. 622, 623, 697 S.E.2d 779, 782 (2010) (internal citations omitted). There being no such evidence, AAA Cooper is entitled to summary judgment on this claim.

## CONCLUSION

For all the foregoing reasons, AAA Cooper is entitled to summary judgment on Plaintiff's claims for negligent retention, supervision, hiring, entrustment, and training as a matter of law.

Respectfully submitted this 30th day of October, 2019.

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO. 2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER TRANSPORTATION, INC., and MARCUS J. BUSH, Individually and Jointly,** | |
| **DEFENDANTS.** | |

## CERTIFICATE OF COMPLIANCE

The foregoing **AAA COOPER TRANSPORTATION, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENT RETENTION, SUPERVISION, HIRING, ENTRUSTMENT, AND TRAINING CLAIMS** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

[SIGNATURE PAGE FOLLOWS]

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
_____
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO.** |
| | **2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER** | |
| **TRANSPORTATION, INC., and** | |
| **MARCUS J. BUSH, Individually and** | |
| **Jointly,** | |
| **DEFENDANTS.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **AAA COOPER TRANSPORTATION, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENT RETENTION, SUPERVISION, HIRING, ENTRUSTMENT, AND TRAINING CLAIMS** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Charles D. Graham, Esq.
The Graham Law Firm
191 Roswell Street
Suite 200
Marietta, Georgia 30060

E. Brian Watkins, Esq.
191 Roswell Street
Suite 200
Marietta, Georgia 30060

Christopher D. Glover, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327

This <u>30th</u> day of October, 2019.

HALL BOOTH SMITH, P.C.

/s/ Sean B. Cox
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com