## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO.** |
| | **2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER TRANSPORTATION, INC., and MARCUS J. BUSH, Individually and Jointly,** | |
| **DEFENDANTS.** | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS**

COME NOW, Defendants in the above-styled action, and pursuant to Fed. R. Civ. P. 56(c) and N.D. Ga. LR 56.1(B)(1), submit this Reply to Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and Plaintiff's Additional Statement of Facts, respectfully showing the Court the following:[1]

---

[1]  Doc. 137-2 is styled "Plaintiff's Reply to Defendant's Statement of Undisputed Material Facts and Plaintiff's Additional Statement of Facts[.]" However, in violation of N.D.Ga. LR 56.1(B)(2)(b), Plaintiff has failed to file a separate statement of additional facts; instead, Doc. 137-2 contains not only responses to the Defendants' Statement of Undisputed Material Facts, but also additional "facts" of

## A.   <u>REPLY   TO   PLAINTIFF'S   RESPONSE   TO   DEFENDANTS'</u> <u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

### 1.

This suit arises out of an accident which occurred on October 31, 2015. (Amend. Compl. ¶¶ 6, 10).

**<u>Plaintiff's Response</u>:** Admitted.

### 2.

The accident occurred while Plaintiff was parked on the shoulder of Interstate 85 near Braselton, Georgia after running out of gas. (Amend. Compl. ¶¶ 10-12).

**<u>Plaintiff's Response</u>:** Admitted.

### 3.

At the same time, a tractor-trailer driven by Mr. Bush was traveling northbound on Interstate 85 near Braselton, Georgia (Amend. Compl. ¶ 12).

**<u>Plaintiff's Response</u>:** Admitted.

### 4.

Mr. Bush was employed by AAA Cooper at the time of the subject accident. (Amend. Compl. ¶ 26).

**<u>Plaintiff's Response</u>:** Admitted.

---

Plaintiff's own. Therefore, Defendants herein respond to the same pursuant to N.D. Ga. LR 56.1(B)(3).

5.

It is undisputed that just prior to the accident, Mr. Bush fell asleep while driving his tractor-trailer. (Bush Depo. 64:17-65:2).

**Plaintiff's Response:** Admitted.

6.

Mr. Bush testified that he was not fatigued and that the accident "just happened." (Bush Depo. 66:24-67:3).

**Plaintiff's Response:** Plaintiff admits that Marcus Bush <u>testified</u> that he was not fatigued, and that the accident just happened. However, the evidence showed that Bush knew or should have known he would experience fatigue and when he did experience, he should have pulled over immediately. (See Plaintiff's Statement of Additional Facts below).

**Defendant's Response:** Defendant objects to Plaintiff's Response to Paragraph 6 on grounds that it is inadmissible as irrelevant, the evidence in the record does not support the same, and the same constitutes or includes a statement of an issue rather than a fact.

7.

The only evidence is that just before the accident, Mr. Bush began feeling funny and started looking for a place he could exit and rest. (Bush Depo. 89:20-91:15).

**Plaintiff's Response:** Plaintiff admits that Mr. Bush <u>testified</u> that he began feeling funny and started looking for a place that he could exit and rest. The Plaintiff disputes the phrase that this is "the only evidence." (See Plaintiff's Statement of Additional Facts below).

**Defendant's Response:** Defendant objects to Plaintiff's Response to Paragraph 7 on grounds that it is inadmissible as irrelevant, the evidence in the record does not support the same, and the same constitutes or includes a statement of an issue rather than a fact.

8.

In the week leading up to the accident, Mr. Bush had worked approximately 31.5 hours – 40 hours less than the number of hours permitted under the Federal Motor Carrier Safety Regulations. (Ex. B).

**Plaintiff's Response:** Admitted.

9.

Mr. Bush testified (and his hours of service logs confirm) that he got off work in North Augusta at approximately 7:06 a.m. Mr. Bush testified that when he got off work he went home, also in North Augusta, and spent much of the day in bed where he slept off and on. (Bush Depo. 67:4-18; Ex. B)

**Plaintiff's Response:** Admitted.

10.

Around 8:45 p.m., Mr. Bush returned to work. (Bush Depo. 132:1-134:9; Ex. B).

**Plaintiff's Response:** Admitted.

11.

He had been off work for more than 13.5 hours. (Bush Depo. 132:1-134:9).

**Plaintiff's Response:** Admitted.

12.

After conducting his pre-trip inspection, Mr. Bush drove from North Augusta to Atlanta. Mr. Bush then began driving to Charlotte, North Carolina. Mr. Bush testified that he had gotten more rest that week than was typical for him. (Bush Depo. 97:23-25).

**Plaintiff's Response:** Plaintiff admits that Mr. Bush <u>testified</u> to the substance of what's found in ¶ 12. However, Plaintiff disputed that Mr. Bush got adequate rest before he drove the day of the accident. (See Plaintiff's Statement of Additional Facts below).

**Defendant's Response:** Defendant objects to Plaintiff's Response to Paragraph 12 on grounds that it is inadmissible as irrelevant, the evidence in the record does not support the same, and the same constitutes or includes a statement of an issue rather than a fact.

### 13.

At the time of the accident, Mr. Bush had only been driving 3.5 hours. (Ex. B).

**Plaintiff's Response:** Admitted.

### 14.

Mr. Bush had a 2-year medical certificate authorizing him to drive a commercial motor vehicle. (Ex. C).

**Plaintiff's Response:** Admitted.

15.

Mr. Bush had been medically qualified only 6 months before this accident by an independent medical professional. (Ex. C).

**Plaintiff's Response:** Admitted.

16.

That independent medical professional did not find that Mr. Bush had sleep apnea. (Ex. C).

**Plaintiff's Response:** Admitted but with clarifications. No independent medical professional has diagnosed Bush with sleep apnea. However, the only way to diagnose sleep apnea is through a sleep study and, despite Bush having obvious significant risk factors for sleep apnea, and more likely than not had sleep apnea, Defendant AAA Cooper never sent him for a sleep study. (Ex. "5" – Napier dep. at 48; Ex. "7" – Kales Expert Report at 4; Ex. "7" – Dr. Kales' Affidavit at ¶ 25).

**Defendant's Response:** Defendant objects to Plaintiff's Response to Paragraph 16 on grounds that it is inadmissible as irrelevant, the evidence in the record does not support the same, and the same constitutes or includes a statement of an issue rather than a fact.

## B.   <u>RESPONSES TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS</u>

### 1.

Marcus Bush was arrested for DUI in 2012. (Bush dep. at 33).

**<u>Response</u>:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 1 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

### 2.

He blew over the legal limit for driving under the influence of alcohol at .08. (Bush at 37-38).

**<u>Response</u>:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 2 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

### 3.

He did not tell AAA Cooper about the reckless driving charge or the DUI arrest when he was hired. (Id. at 55-56). In fact, he lied on his job application to AAA Cooper stating that he had pending criminal charges. (Ex. "11" – Bush's Job Application).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 3 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

4.

On October 14, 2014, Bush pled guilty to the reckless driving, related to his DUI arrest. (Id. at 37,55 and 58).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 4 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

5.

Bush did not tell AAA Cooper about the reckless driving after it became a conviction, but admits he had a duty to do so because he must update his employers by law for the Annual Review. (Id. at 56). Again, Bush lied on his annual review form called "Violation and Review Record" when he intentionally failed to disclose his reckless driving conviction. (Ex. "14" – Bush's "Violation and Review Record").

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 5 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

6.

When asked about his driving record, Bush testified that he knew that it was hard for someone like him to get a job. (Bush at 154).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 6 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

7.

49 CFR § 391.25 "Annual inquiry and review of driving record" states:

(a) Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, make an inquiry to obtain the motor vehicle record of each driver it employs, covering at least the preceding 12 months, to the appropriate agency of every State in which the driver held a commercial motor vehicle operator's license or permit during the time period.

(b) Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, review the motor vehicle record of each driver it employs to determine whether that driver meets minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle pursuant to § 391.15.

(1) The motor carrier must consider any evidence that the driver has violated any applicable Federal Motor Carrier Safety Regulations in this subchapter or Hazardous Materials Regulations (49 CFR chapter I, subchapter C).

(2) The motor carrier must consider the driver's accident record and any evidence that the driver has violated laws governing the operation of motor vehicles, and must give great weight to violations,

such as speeding, <u>reckless driving, and operating while under the</u> <u>influence of alcohol or drugs, that indicate that the driver has exhibited</u> <u>a disregard for the safety of the public.</u>

      (c) *Recordkeeping.*

      (1) A copy of the motor vehicle record required by paragraph (a) of this section shall be maintained in the driver's qualification file.

      (2) A note, including the name of the person who performed the review of the driving record required by paragraph (b) of this section and the date of such review, shall be maintained in the driver's qualification file.

**Response:** The Court can consider this fact for the purposes of this Motion.

8.

49 CFR § 391.27 "Record of violations" states:

(a) Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, require each driver it employs to prepare and furnish it with a list of all violations of motor vehicle traffic laws and ordinances (other than violations involving only parking) of which the driver has been convicted or on account of which he/she has forfeited bond or collateral during the preceding 12 months.

(b) Each driver shall furnish the list required in accordance with paragraph (a) of this section. If the driver has not been convicted of, or

forfeited bond or collateral on account of, any violation which must be listed, he/she shall so certify.

(c) The form of the driver's list or certification shall be prescribed by the motor carrier.

**Response:** The Court can consider this fact for the purposes of this Motion.

1[9].

AAA Cooper's truck drivers have a heightened standard of care when operating a commercial motor vehicle. (Aronhalt dep. at 19)

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 9 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

2[10].

AAA Cooper's "Hiring Guidelines" specifically states that "[a]n applicant should have no record of DUI for the previous three years." (Ex. "4").

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 10 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

3[11].

AAA Cooper expects its drivers to follow the motor carrier regulations.

**Response:** The Court can consider this fact for the purposes of this Motion.

4[12].

AAA Cooper would fire a driver for a falsification of his employment application regardless of when it occurred.

**Response:** The Court can consider this fact for the purposes of this Motion.

5[13].

Mr. Bush lied on his application to AAA Cooper. (Id. at 47).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 13 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

6[14].

AAA Cooper testified that Bush's lie on his job application was a safety risk that put the company and public at risk. (Id. at 48).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 14 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

7[15].

AAA Cooper would not have hired Bush with a DUI criminal offense pending. (Id. at 48).

**Response:** The Court can consider this fact for the purposes of this Motion.

8[16].

Bush did not self-report his conviction for reckless driving on his annual review that is required under the federal regulations. (Id. at 56-57).

**Response:** The Court can consider this fact for the purposes of this Motion.

9[17].

Marcus Bush knew that the trucking company gave strong consideration to an applicant's criminal background. (Bush at 152).

**Response:** The Court can consider this fact for the purposes of this Motion.

10[18].

Marcus Bush pled guilty to homicide by vehicle related to the subject incident. (Id. at 64-65).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 18 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

11[19].

Bush stated that his sleep before the crash was kind of funny because a person is not made to sleep in the daytime. (Id. at 67).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 19 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

12[20].

Bush further testified that he can't sleep well anyway. (Id. at 78).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 20 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

13[21].

Bush was o a new shift that changed his sleep routine that required him to sleep during the daytime. (Id. at 86).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 21 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

14[22].

Bush agreed that it was his responsibility to drive rested. (Id. at 69).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 22 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

15[23].

Bush knew the importance of getting proper sleep during his off-duty hours and he agreed that he had the responsibility to get plenty of sleep during off duty hours. (Id. at 70).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 23 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

16[24].

He had trained other people on that issue, studied it in school, and in the Commercial Driver's License (CDL) Manual. (Id. at 70).

**Response:** The Court can consider this fact for the purposes of this Motion.

17[25].

Bush knew that it defeated the purpose of being off duty if he did not rest and he knew that his body would shut down if he did not get rest and he would have no control over that. (Id. at 71).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 25 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

18[26].

Bush understood that it was important to sleep when he was off duty so he could protect others once he started driving again. (Id. at 72).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 26 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

19[27].

Bush agreed that fatigue impairs one's vision and judgment just like alcohol. (Id. at 137).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 27 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

20[28].

Bush knew that fatigue increased the risk of being in a crash and affects the ability to make critical decisions. (Id. at 137).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 28 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

21[29].

Bush was trained that before he was to drive a truck, he was to consider whether he was sleep deprived or fatigued per the CDL Manual. He was also trained that sleeping six hours or less triples the risk of being in an incident. (Id. at 138-139).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 29 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

22[30].

Bush agreed that adults need nine hours of sleep to maintain alertness. (Id. at 140).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 30 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

23[31].

Bush knew that the purpose of the limitation on the hours on duty that requires drivers to go off duty is for safety. (Id. at 74.)

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 31 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

24[32].

Bush knew that a driver cannot be safe if he does not sleep. (Id. at 74¬75).

Bush knew that AAA Cooper expected him to sleep when he was off duty so he

could be safe. (Id. at 75).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts

No. 32 on the grounds that it is inadmissible as irrelevant, its prejudicial effect

outweighs its probative value, and the fact is not material.

25[33].

Bush even knew that he could be tired even if he is within his hours of service

due to not sleeping during his off hours. (Id. at 98).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts

No. 33 on the grounds that it is inadmissible as irrelevant, its prejudicial effect

outweighs its probative value, and the fact is not material.

26[34].

AAA Cooper expected him to pull over when he got tired. (Id. at 71).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts

No. 34 on the grounds that it is inadmissible as irrelevant, its prejudicial effect

outweighs its probative value, and the fact is not material.

27[35].

Bush knew that failing to pull over when he gets tired can change lives. (Id. at 72).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 35 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

28[36].

Bush felt funny before the crash and remembers thinking about pulling over. (Bush depo. p. 89). Bush did not pull over immediately but instead chose to drive until he reached an exit even though he had his triangles and the shoulder was capable of holding his vehicle. (Id. at 90).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 36 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

29[37].

Bush was trained by the CDL Manual that he was supposed to stop driving and rest if he could not maintain alertness. (Id. at 140).

**Response:** The Court may consider this fact for purposes of this Motion.

30[38].

Bush knew that he had the responsibility under the federal regulations to remove himself from duty if his ability or alertness is impaired due to fatigue. (Id. at 136).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 38 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

31[39].

Fatigue included lack of sleep per the CDL manual. (Id. at 137).

**Response:** The Court may consider this fact for purposes of this Motion.

32[40].

Bush studied the CDL Manual before this crash and knew that it discussed the dangers associated with fatigued driving. (Id. at 9, 68-69).

**Response:** The Court may consider this fact for purposes of this Motion.

33[41].

Bush testified that he slept 7 1/2 hours in the bed on October 30th, the day before the crash. (Id. at 81).

**Response:** The Court may consider this fact for purposes of this Motion.

34[42].

Bush also testified that he slept the majority of the time between 1:00 and 7:30 on October 29th with the exception of a phone call. (Id. at 85).

**Response:** The Court may consider this fact for purposes of this Motion.

35[43].

Bush claimed to have gotten more rest on the day before the crash than he ever got with AAA Cooper. (Id. at 97).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 43 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

36[44].

Bush agreed that four hours of sleep is not enough. (Id. at 135-136).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 44 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

37[45].

Bush never puts up his phone and lays it beside him when he sleeps. (Id. at 101).

- 22 -

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 45 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

38[46].

Bush admitted that he looked at his phone and made calls during the time when he said he was sleeping. (Id. at 101).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 46 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the fact is not material.

39[47].

The accident occurred at approximately 1:10 am on October 31, 2015.

**Response:** The Court may consider this fact for purposes of this Motion.

40[48].

Marcus Bush's logbook shows that the only opportunities he had to be off-duty and sleep on October 29th were from approximately 12:10 p.m. to 4:12 a.m. and again from 7:22 a.m. to 8:50 p.m. (Ex. "15" - Bush's logbook).

**Response:** The Court may consider this fact for purposes of this Motion.

41[49].

Bush's phone records show he was sending texts throughout the time that he claims that he was claiming to be asleep on the 30th before the crash. (Id. at 143-144).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 49 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

42[50].

His cell phone records on October 29th show that Bush had 66 outgoing texts and 10 phone calls totaling approximately 55 minutes during the same 2:29 p.m. to 8:34 p.m. time he claimed to be asleep. (Ex. "16" - Cell phone records).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 50 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

43[51].

Bush's logbook on October 30, 2015 show[ed] him off duty between 12:20 a.m. and 4:17 a.m., as well as between 7:06 a.m. and 8:45 p.m. (Ex. "15" - Bush's Logbook).

**Response:** The Court may consider this fact for purposes of this Motion.

44[52].

Bush sent 3 outgoing texts during his first off duty period on the 30th leaving him only two opportunities to sleep with a 2 hour and 15-minute period of no activity and a 29-minute period of no activity. (Ex. "16" - Cell phone records).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 52 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

45[53].

Bush's second off period is even more egregious. He did not sleep 7 1/2 hours, but instead sent 93 outgoing texts and had 14 phone calls. (Ex. "16" - Cell phone records).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 53 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

46[54].

Bush's only opportunities to sleep in the period of time where he claimed he slept 7 1/2 hours was one 50-minute period between 7:19 p.m. and 8:09 p.m. (Ex. "16" - Cell phone records).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 54 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

47[55].

Bush had a lot of girls living with him who were in and out of his house in the two days before the crash. (Bush at 173).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 55 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

48[56].

He was sleeping with all the girls in his house. (Id. at 174).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 56 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

49[57].

Dr. Stefanos Kales is a physician specializing in Occupational Medicine at Harvard Medical School. (Ex. "7" - Kales C.V.). Dr. Kales is an expert in Occupational Medicine and has been responsible for the post-graduate training of physicians in occupational medicine, including the examination of transportation

operators such as truck drivers and the performance of commercial driver's license holder medical examinations, as well as education on the effects of shift work, fatigue and sleep disorders on drivers and other workers. (Id.)

**Response:** The Court may consider this fact for purposes of this Motion.

50[58].

After examining Marcus Bush's phone records, Dr. Kales testified that there is no possible period of consolidated sleep sufficient to be rested on the day leading up to the crash. There is no way that he could have been rested prior to beginning his shift. (Ex. "8" - Kales dep. at 53-54).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 58 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

51[59].

According to Dr. Kales, there was other evidence demonstrating that Bush could not have been well-rested prior to starting his shift which included Bush's testimony that he felt funny before the crash, he had trouble sleeping during the daytime, he doesn't sleep well any way and he had trouble adjusting to the night

schedule. (Id. at 54). These are all reasons why "he would not have been well rested and to know that he was fatigued before he actually fell asleep at the wheel." (Id.)

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 59 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

### 52[60].

Dr. Kales further testified that Bush's statement that he felt fine before starting the shift would be inconsistent with the totality of his testimony and his phone records. (Id. at 55).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 60 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

### 53[61].

Importantly, according to Dr. Kales, Bush's conduct that night was the equivalent of him starting his shift after drinking 4-6 beers and was reckless. (Kales at 64).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 61 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

54[62].

According to Dr. Kales, Bush should have pulled over when he felt funny before the crash. Because the federal regulations prohibit a driver from beginning or continuing to drive if his ability or alertness was impaired by fatigue. Therefore, it was Bush's legal duty to not begin driving and, since he did, stop immediately once he started feeling funny. (Kales at 56, 60-61).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 62 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

55[63].

Defense expert, Curtis Hagenau, M.D., is a neurologist knowledgeable in how lack of sleep impairs performance in human beings. (Ex. "17" - Hagenau dep. at 74).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 63 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

56[64].

Dr. Hagenau testified that it was important from a medical perspective that 18-wheeler drivers get enough sleep. He further agreed that the lack of sleep impairs a person's ability to safely operate a motor vehicle. (Hagenau at 83).

**Response:** The Court may consider this fact for the purposes of this Motion.

57[65].

Dr. Hagenau testified that a person who is feeling sleepy or drowsy is aware that his vision is more focused on the road ahead and less aware of things peripheral to him and that he would be aware of slowing reflexes. (Id at 82). The doctor further noted that a person who is aware he is becoming sleepy is not experiencing a sudden sleep attack. (Id).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 65 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

58[66].

Michael Napier, a trucking expert, testified that, by being asleep, Bush failed in his duty to do everything he was supposed to do in driving a truck such as conducting a proper visual search and perceiving hazards, move over and drive the vehicle correctly. All these things are within the industry standard of care. (Ex. "5" -Napier dep. at 37-38).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 66 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

59[67].

According to Napier, CMV drivers have a duty pursuant to industry standards to drive fully alert. (Napier at 57-58).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 67 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

60[68].

Napier testified that Defendant Bush should have pulled over on the side of the road, put on his flashers and got out his triangles when he felt the fatigue. (Id. at 64-65).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 68 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

61[69].

It is an emergency if a truck driver is falling asleep and can't stay awake. It necessitates pulling over. (Id. at 66).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 69 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

62[70].

The fact that the emergency truck was lit up on the side of the road and visible for over 1000 feet tells Napier that Bush was not alert for some time since he never saw the emergency vehicle on the side of the road. (Id. at 69-70).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 70 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

63[71].

A truck driver who recognizes that he is becoming fatigued behind the wheel to the point he needed to pull off the road should recognize that as an extremely dangerous situation. (Id. at 90).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 71 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

64[72].

Continuing to drive after realizing he needed to pull over is egregious and reckless conduct for a truck driver. (Id. at 91).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 72 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

65[73].

The Federal Motor Carrier Safety Administration recognizes that a person impaired by fatigue must get off the road and get some sleep. (Id. at 93-94).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 73 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

66[74].

Truck drivers are taught to recognize fatigue and cease operations immediately. (Id. at 94).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 74 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

67[75].

This vehicle is equipped with a camera focused in the cab of the truck to see the driver. (Id. at 113).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 75 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

68[76].

The sun visor in the cab of the truck was down despite it being nighttime. The camera focused on the driver was blocked by the sun visor. (Id. at 114).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 76 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

69[77].

The blocking of the camera view prohibits anyone from knowing whether a drive is awake or asleep. (Id. at 114).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 77 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

70[78].

AAA Cooper put the camera in the truck so that it would know what was going on inside the truck in case something happened. (Id. at 115).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 78 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

71[79].

Bush admitted that it was important for the investigation of the accident to know when he fell asleep, but by blocking the camera, that important piece of information is hidden. (Id. at 115-116).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 79 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

72[80].

It appears in the video that Marcus Bush put the visor down blocking the camera. (Aronhalt dep. at 90).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 80 on the grounds that it is inadmissible as irrelevant and its prejudicial effect outweighs its probative value.

73[81].

On the day of the accident, Bush was driving for someone else who took off work. (Bush at 125).

**Response:** The Court may consider this fact for the purposes of this Motion.

74[82].

According to Bush, the blame for causing the crash should be placed on the change in schedule because it changed his sleeping patterns. (Id. at 130-131, 135).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 82 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

75[83].

Bush knew, based upon his training as a truck driver and CDL Manual, that driving through the night when a person would normally be asleep puts people at risk. (Id. at 139).

**Response:** Defendant objects to Plaintiff's Statement of Additional Material Facts No. 83 on the grounds that it is inadmissible as irrelevant, its prejudicial effect outweighs its probative value, and the evidence does not support this fact.

Respectfully submitted this 4th day of December, 2019.


[SIGNATURE PAGE FOLLOWS]

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
(404) 954-5020 Fax
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO.** |
| | **2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER TRANSPORTATION, INC., and MARCUS J. BUSH, Individually and Jointly,** | |
| **DEFENDANTS.** | |

## CERTIFICATE OF COMPLIANCE

The foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This 4th day of December, 2019.

[SIGNATURE PAGE FOLLOWS]

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| **CALLIE D. ROBERTS,** | |
| **PLAINTIFF,** | **CIVIL ACTION FILE NO.** |
| | **2:17-cv-232-RWS** |
| **v.** | |
| **AAA COOPER TRANSPORTATION, INC., and MARCUS J. BUSH, Individually and Jointly,** | |
| **DEFENDANTS.** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Charles D. Graham, Esq.
The Graham Law Firm
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30327

E. Brian Watkins, Esq.
Resurgens Plaza
945 E. Paces Ferry Road, Suite 2600
Atlanta, Georgia 30326

Christopher D. Glover, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327

This <u>4th</u> day of December, 2019.

**HALL BOOTH SMITH, P.C.**

*/s/ Sean B. Cox*
SCOTT H. MOULTON
Georgia Bar No. 974237
SEAN B. COX
Georgia Bar No. 664108
DANIELL R. FINK
Georgia Bar No. 540374
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
(404) 954-5000
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com