IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **CALLIE D. ROBERTS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | **CIVIL ACTION NO.:** |
| v. | * | **2:17-cv-00232-RWS** |
| | * | |
| **AAA COOPER TRANSPORTATION, INC.;** | * | |
| and **MARCUS J. BUSH, Individually and** | * | |
| **Jointly,** | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND CONSOLIDATED PRE-TRIAL ORDER

Plaintiff Callie Roberts, by and through counsel, seeks leave to amend her Amended Complaint [Doc. 6] and the Consolidated Pre-Trial Order [Doc. 225] to assert a claim against Defendant AAA Cooper Transportation, Inc. ("AAA Cooper") for litigation expenses pursuant to O.C.G.A. § 13-6-11 on the basis of Defendant AAA Cooper's stubborn litigiousness and causing of unnecessary trouble and expense to the Plaintiff. In support, Plaintiff shows this Court as follows:

1.   Fed. R. Civ. P. 15(a) provides that leave to amend a party's pleading shall be "freely given when justice so requires." When a motion to amend is filed after a Court has issued its scheduling order (as is the case here), the moving party must demonstrate good cause under Fed. R. Civ. P. 16(b) for that amendment. *See*

1

*e.g. E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 654 (N.D.Ga. 2008). Here, there is good cause for allowing this amendment at such a late stage. No such amendment was necessary until July 2, 2021, on which AAA Cooper admitted liability for its direct negligence. [Doc. 225-5]. It was that admission, as discussed in greater detail below, that now warrants the addition of an O.C.G.A. § 13-6-11 claim against Defendants in this case. It is to add that claim for which Plaintiff seeks to amend her Complaint.

2.  O.C.G.A. § 13-6-11 permits an award of litigation expenses where the plaintiff has specially pleaded and made prayer for them if the defendant has acted in bad faith, been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. "It is only necessary for the plaintiff to show that one of the three conditions required by the statute exists." *Franchise Enterprises, Inc. v. Ridgeway*, 157 Ga. App. 458, 460 (1981). "[U]nnecessary trouble and expense is a basis separate and distinct from either bad faith or stubborn litigiousness." *Backus Cadillac-Pontiac, Inc. v. Ernest*, 195 Ga. App. 579, 582 (1990).

3.  Claims concerning "stubborn[] litigious[ness]" or "unnecessary trouble and expense" relate to a defendant's actions during litigation. *Southern Ry. Company v. Crowe*, 186 Ga. App. 244, 247 (1988) (recovery under § 13-6-11 appropriate where defendant has "conducted the litigation itself in bad faith"). *Accord Spring Lake Prop. Owners Ass'n, Inc. v. Peacock*, 260 Ga. 80, 81 (1990)

2

(recovery under § 13-6-11 appropriate based on conduct during litigation); *Kroger Co. v. Walters*, 319 Ga. App. 52, 59 (2012). Claims of "bad faith" typically relate to conduct in the underlying transaction, before litigation began. *Computer Commc'ns Specialists, Inc. v. Hall*, 188 Ga. App. 545, 547 (1988).

    *4.*    Fees and expenses are appropriate when a defendant denies liability or fault despite the absence of a "bona fide controversy" or "genuine dispute" as to liability or fault. *Garrett v. Women's Health Care of Gwinnett, P.C.*, 243 Ga. App. 53, 54-55 (2000) ("[q]uestions of bad faith, stubborn litigiousness, and unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide."); *First Union Nat'l Bank of Ga. v. Davies-Elliott, Inc.*, 215 Ga. App. 498 (1994) ("It is a question of fact whether a defendant has acted in bad faith or has been stubbornly litigious or caused unnecessary litigation and expense where there was no bona fide controversy. Likewise, it is for the jury to decide whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law."); *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 524-25 (1972).

    5.    Whether a bona fide controversy exists as to liability is a jury question. *Spring Lake*, 260 Ga. at 81. "[A] jury may award attorney fees under O.C.G.A. § 13-6-11 if there is no bona fide controversy as to liability, even if there is a bona fide controversy as to damages." *Daniel v. Smith*, 266 Ga. App. 637, 639 (2004).

6. Where a defendant denies liability during the litigation, but admits liability at or shortly before trial, a claim under O.C.G.A. § 13-6-11 is valid. *Crowe*, 186 Ga. App. 244, 246-47 (fees and expenses recoverable where "[t]he evidence reveals that the appellant railroad consistently denied all liability for the damage to appellee's property up until the trial of the case, at which point it admitted no bona fide controversy existed as to that liability."); *Beaudry Ford v. Bonds*, 139 Ga. App. 230, 230-31 (1976) (defendant denied liability throughout the litigation, but put up no evidence disputing liability at trial). *See also Dotson v. Waldo*, No. 4:14-CV-0322-HLM, 2016 WL 11546298, at *4 (N.D. Ga. Mar. 22, 2016) (the court finding no bona fide controversy where the defendants had recently admitted negligence by one of the defendants, and denying summary judgment on the plaintiff's O.C.G.A. § 13-6-11 claim because a jury issue remained as to whether the defendants were stubbornly litigious or caused the plaintiffs unnecessary trouble and expense given that admission).

7. Plaintiff first filed her lawsuit against Defendants AAA Cooper and Defendant Marcus J. Bush on August 29, 2017 [Doc. 1]. Plaintiff included direct negligence claims against AAA Cooper in that Complaint (and in her Amended Complaint filed September 25, 2017) [Doc. 6]. [Doc. 1, pp. 11-13; Doc. 6, pp. 11-13].

8. Defendant AAA Cooper has denied liability for direct negligence, including negligent supervision and retention, since October 11, 2017. [Doc. 8].

9. AAA Cooper filed a motion for summary judgment on Plaintiff's claims of negligent supervision and retention (among others) on October 30, 2019. [Doc. 120].

10. After this Court reinstated Plaintiff's claims of negligent supervision and retention on January 6, 2021, AAA Cooper again filed a motion for summary judgment on those claims on January 20, 2021. [Doc. 199]. In its brief, AAA Cooper once again argued strongly against being negligent for direct negligence, including for negligent supervision and/or retention. [Doc. 199-1].

> COMES NOW, **AAA COOPER TRANSPORTATION, INC.**, Defendant in the above-referenced case (hereinafter "AAA Cooper"), and moves the Court for partial summary judgment on Plaintiff's direct negligence claims, including claims for negligent retention, supervision, hiring, entrustment, and training, showing the Court as follows:

11. AAA Cooper went so far as to say Plaintiff had "a litany of claims against AAA Cooper" that had "no evidence" to support them. *Id.*, p. 2.

12. Plaintiff had to once again respond to AAA Cooper's defenses, including to argue why AAA Cooper was liable for negligent supervision and

retention, respond to AAA Cooper's statement of undisputed facts, and to draft a statement of disputed facts. [Doc. 205-1, 205-2, 205-3].

13. AAA Cooper then filed a reply brief, again arguing without caveat that Plaintiff was not entitled to any of her direct negligence claims against AAA Cooper. [Doc. 212].

> for purposes of a negligent retention claim. That is not and cannot be the law. For these reasons, Plaintiff's claims for negligent supervision, retention, and training cannot survive summary judgment.

14. Again, AAA Cooper attacked Plaintiff directly, arguing that there was no evidence to support her claims and that taking the position that there could possibly be negligence in support was "a naked effort to inject evidence . . . despite it having no relevance to the facts of the accident." *Id.* at 2.

15. Even after this Court denied AAA Cooper's motion for summary judgment, AAA Cooper never once approached Plaintiff or this Court about admitting its negligence. Instead, AAA Cooper never admitted liability for its negligent supervision or retention of Defendant Bush until July 2, 2021, when it included within an attachment to the Consolidated Pre-Trial Order that it was admitting liability for its own direct negligence. [Doc. 225-5]. Plaintiff never saw that attachment or any other suggestion that AAA Cooper admitted its negligence

6

until the evening the Consolidated Pre-Trial Order was due. Consequently, Plaintiff could not have amended her Complaint before the parties submitted their Consolidated-Pre-Trial Order to this Court.

16. AAA Cooper has now admitted that there is no bona fide controversy as to its liability for negligently supervising and retaining Defendant Bush, despite arguing the opposite for years (including after the *Quynn* opinion came down), and despite filing numerous motions and responses trying to dismiss Plaintiff's direct negligence claims against it – pleadings which Plaintiff had to spend time and effort responding to.

17. Because of AAA Cooper's late admission of liability on the eve of trial, Plaintiff is entitled to an award of litigation expenses pursuant to O.C.G.A. § 13-6-11 (or at least to an assessment by the jury of whether such an award is reasonable in these circumstances). Accordingly, Plaintiff asks this Court for leave to amend her Complaint and the Consolidated Pre-Trial Order to include such claim.

18. Alternatively, if this Court is not inclined to grant Plaintiff's request, Plaintiff asks this Court to award attorney's fees and expenses of litigation pursuant to O.C.G.A. § 9-15-14 against Defendants for the filing of their most recent motion for summary judgment, such motion (and the defenses on which it was based) clearly having no basis. Such an award is appropriate where (as here) a party asserts "any

claim, defense, or other position with respect to which there is a complete absence of any justiciable issue of law or fact . . . ." *See* O.C.G.A. § 9-15-14.  AAA Cooper has admitted its liability for negligent supervision and retention just after filing multiple briefs arguing the exact opposite.  Plaintiff is entitled to her fees and expenses for responding to (and prevailing on) those briefs.

Respectfully submitted this **22nd** day of **July, 2021** by:

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
ROBERT S. REGISTER (599298)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
rob.register@beasleyallen.com
ben.keen@beasleyallen.com

Charles D. Graham
The Graham Law Firm
191 Roswell St., Suite 200
Marietta, GA 30060
(404) 526-9955 telephone
(678) 603-1894 facsimile
charles.graham@grahamlawga.com

E. Brian Watkins
Attorney at Law
191 Roswell St., Suite 200
Marietta, GA 30060
(404) 355-3620 telephone
brian@ebrianwatkinslaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND CONSOLIDATED PRE-TRIAL ORDER complies with the Federal Rules of Civil Procedure and the Civil Local Rules of the Northern District of Georgia.

            *s/ Christopher D. Glover*
            OF COUNSEL

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the **22nd** day of **July, 2021** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott H. Moulton
Sean B. Cox
HALL, BOOTH & SMITH, P.C.
191 Peachtree St. NE, Suite 2900
Atlanta, GA 30303-1775
(404) 954-5000 telephone
(404) 954-5020 facsimile
smoulton@hallboothsmith.com
scox@hallboothsmith.com

David A. Dial
Claire C. Murray
Alan M. Maxwell
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
3344 Peachtree Rd. NE, Suite 2400
Atlanta, GA 30326
(404) 876-2700 telephone
(404) 875-9433 facsimile
ddial@wwhgd.com
cmurray@wwhgd.com
amaxwell@wwhgd.com

                                           *s/ Christopher D. Glover*
                                           OF COUNSEL